UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04  10820 RCL

| | |
|---|---|
| SOLUCORP INDUSTRIES, LTD.; PETER MANTIA; AND JOSEPH KEMPROWSKI <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, a/k/a "Wavesuds3775" <br><br> Defendant. | MAGISTRATE JUDGE Cohen <br><br> Civil Action No. <br><br> RECEIPT # 55509 <br> AMOUNT $150 <br> SUMMONS ISSUED yes <br> LOCAL RULE 4.1 <br> WAIVER FORM <br> MCF ISSUED <br> BY DPTY. CLK. TOM <br> DATE 4/ |

**COMPLAINT AND JURY DEMAND**

**Introduction**

1.  The Plaintiffs, Solucorp Industries, Ltd, Peter Mantia, and Joseph Kemprowski (collectively, the "Plaintiffs"), bring this Complaint against Defendant, John Doe, a/k/a "Wavesuds3775" (the "Defendant" or "Wavesuds3775"). The action arises out of false and defamatory statements anonymously posted by the Defendant on an Internet investment chatroom maintained by Raging Bull, which is owned and operated by Terra Lycos, Inc., a corporation headquartered in the Commonwealth of Massachusetts. In addition to being false, defamatory, and libelous, the statements posted by the Defendant were, on information and belief, part of a scheme to manipulate the price of Plaintiff's capital stock through the posting of such statements and to cause other stockholders to sell their stock at a loss for the Defendant's gain.

## Parties

2. The Plaintiff, Solucorp Industries, Ltd. ("Solucorp"), is a Yukon, Canada corporation with its principle place of business situated at 250 West Nyack Road, West Nyack, New York. Solucorp is in the business of metals remediation and recovery through its patented treatment technology, known as the Molecular Bonding System ("MBS"). Solucorp's MBS treatment technology remediates metals contamination in soils, sludges, and other types of industrial waste.

3. The Plaintiff, Peter Mantia ("Mantia"), is an individual residing in New Jersey. Mantia is employed by Solucorp.

4. The Plaintiff, Joseph Kemprowski ("Kemprowski"), is an individual residing in New York. Kemprowski serves as a consultant to Solucorp.

5. The Defendant, John Doe, a/k/a Wavesuds3775, is an individual who communicates on the Internet under the user name "Wavesuds3775." The true identity and citizenship of John Doe (hereinafter referred to as "Defendant" or "Wavesuds3775") is unknown but, on information and belief, Wavesuds3775 is a resident of the United States.

## Jurisdiction and Venue

6. This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because of the diverse citizenship of the parties and because the amount in controversy in this litigation exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

7. Venue in this district is proper because a substantial part of the events giving rise to the claims occurred in Massachusetts.

## Facts Common to All Counts

### I. The Internet and Chatrooms

8.  The Internet is a network of smaller, interlinked computer networks. It is a decentralized communications medium that links people throughout the world.

9.  Over 120 million people in the United States use the Internet for, among other things, reading on-line newspapers and magazines, communicating with friends or colleagues via email, and transacting business.

10. Among the options available on the Internet is access to "chatrooms." Chatrooms are essentially cyberspace message boards where users can post their own messages on various subjects of interest. Similar to email, people can post their own messages in a chatroom or respond to previous postings by others. Unlike private email, however, messages posted in a chatroom can be read by anyone accessing the chatroom via the Internet. Moreover, these postings are viewable for an indefinite period of time and are often available for years after their original posting date. Thus, chatroom messages have a potential to reach a wide and diverse audience.

11. Raging Bull is an Internet site located at www.ragingbull.com, which is owned and operated by Terra Lycos, Inc., a corporation with a place of business in Waltham, Massachusetts. RagingBull.com offers services such as stock quotes, financial news, company profiles and chatrooms relating to various companies ("Raging Bull").

12. Solucorp is a publicly traded company. Its stock is traded over the counter under the trading symbol "SLUP" and is the subject of an Internet message board maintained by Raging Bull (the "Solucorp Chatroom").

13. The Solucorp Chatroom can be accessed (among other avenues) by simply typing Solucorp's trading symbol in the search box at the top of the Raging Bull "home page."

14. In order to post a message in Raging Bull's Solucorp Chatroom, the prospective sender must first register with Raging Bull by completing an on-line form which requires the user to select a "user name" or pseudonym, such as those used by the Defendant. This form need not be completed to merely read others' postings.

15. All users registering with Raging Bull agree not to engage in the following:

   a. Upload, post, email, otherwise transmit, or post links to any Content, or select any member or user name or email address, that is unlawful, harmful, threatening, abusive, harassing, tortious, defamatory, vulgar, obscene, pornographic, libelous, invasive of privacy or publicity rights, hateful, or racially, sexually, ethnically or otherwise objectionable.

   * * * * *

   aa. Upload, post, email, otherwise transmit, or post links to any material that is false, misleading, or designed to manipulate any equity, security, or other market.

   Notwithstanding, Raging Bull and Terra Lycos later note:

   > Much of the information and Content available through . . . Raging Bull is obtained from, or posted by, third parties. Such third parties are solely responsible for the information or content they make available through Raging Bull. Lycos does not review or endorse any postings that appear on the Raging Bull message boards and strongly urges you to read and post on the message boards with caution.

   As a general matter, Lycos does not pre-screen user or third party Content posted on the Lycos Network.

## II. The Defamatory Postings

16. Beginning no later than November 29, 2003, Wavesuds3775 began posting false and defamatory information on the Raging Bull's Solucorp Chatroom.

17. Examples of these defamatory postings include, but are not limited to, the following statements:

   a. "... with Mr. Joseph Kempronski sitting in Solucorp headquarters the entire enterprise is likely a SCAM and the stock is subject to regulatory halt at any moment."

   b. "The important issue is what Solucorp plans to do about the odious Mr. [J]oseph [K]empronski..."

   c. "It is an atrocity the Mr. Joseph Kempronski is still affiliated with Solucorp."

   d. "The only thing that has changed about [Solucorp] is Mr. Joseph Kempronski and Mr. Peter Mantia have been out for ripping off investors."

   e. "These folks [Peter Mantia and Joseph Kempronski] are INCORRIGABLE. As long as these two disreputable folks are within a five mile radius of this company [Solucorp] then your 'investment' is endangered."

   f. "Kempronski, Mantia... and others that were complicit but not named by the SEC... will once again be running the show. Only the most foolish of "investors" would allow a NICKEL of their resources to be controlled by this crew."

   g. "Boy what a crew... Binckes, Mantia, Kempronski, etc. Who in their RIGHT MIND would place a nickel here."

   h. "... the disgraceful behavior of Mr. Joseph Kempronski and Mr. Peter Mantia as well as several other rats that got away. They managed to hoodwink the honest hard working investor..."

   i. "[Peter Mantia] IS an idiot with a potty mouth..."

   j. "[Peter Mantia] IS a proven deceiver and not that bright."

k.  "Peter Mantia is considered a fool and a pathological liar by most who know him."

l.  "Anyone who would place a DIME at risk in a venture involving Mr. Joseph Kempronski and Mr. Peter Mantia is foolish."

18. Each statement in paragraph 17 is false.

19. Each statement in paragraph 17 was either known to be false by the Defendant or made by the Defendant in reckless disregard of whether the statement was true or false.

20. Upon information and belief, many people viewed these false and defamatory statements on Raging Bull's Solucorp Chatroom.

21. On information and belief, Raging Bull and Terra Lycos are the only entities that would have information regarding the actual identity of Wavesuds3775 as well as information regarding the exact number of "hits" each of his defamatory postings received.

22. Many of the postings referred to in paragraph 17 may still be posted or otherwise available to the public and may still be viewed on Raging Bull's Solucorp Chatroom as of the date of the filing of this Complaint.

## COUNT I
### (Defamation)

23. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 22 as if set forth herein.

24. The statements referred to in paragraph 17 herein were published on the Raging Bull's Solucorp Chatroom.

25. A large number of individuals had access to, and in fact viewed, the defamatory statements referred to in paragraph 17 herein.

26. The statements referred to in paragraph 17 herein are false.

27. The statements referred to in paragraph 17 herein were either known to be false by the Defendant or made by the Defendant in reckless disregard of whether they were true or false.

28. The statements referred to in paragraph 17 herein were made with spite and ill-will and with the intent of harming Plaintiffs by damaging their reputation in the community and driving down the price of Solucorp's stock.

29. By reason of the foregoing, Plaintiffs have been injured and have suffered damages in an amount to be determined at trial.

30. Defendant's dissemination of the above defamatory statements was done maliciously. Accordingly, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## COUNT II
### (Unfair and Deceptive Acts Under M.G.L. c. 93A)

31. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 30 as if set forth herein.

32. Defendant's conduct including, but not limited to, the publishing of the false and defamatory statements on the Internet regarding Plaintiffs and Solucorp's business, constitutes unfair or deceptive business acts or practices in violation of Mass. Gen. L. c. 93A, §§ 2 and 11.

33. Solucorp is engaged in trade or commerce and has suffered loss of money and property as a result of Defendant's conduct.

34. Defendant was engaged in trade or commerce at the relevant times and his unfair acts or practices occurred primarily and substantially within the Commonwealth of Massachusetts.

35. Defendant's conduct was a willful and knowing violation of Mass. Gen. L. c. 93A, §§ 2 and 11.

36. Pursuant to Mass. Gen. L. c. 93A, Plaintiffs are entitled to recover treble damages and their attorney's fees and costs.

## COUNT III
### (Injunctive Relief)

37. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 36 as if set forth herein.

38. Because Raging Bull and Terra Lycos does not control, screen, edit, or review messages posted by its members, Defendant will likely continue to post false and defamatory statements regarding Plaintiffs and Solucorp's business on the Internet, causing irreparable harm to Plaintiffs.

39. Plaintiffs have no adequate remedy at law if Defendant is allowed to continue to post false and defamatory statements regarding Plaintiffs or Solucorp's business on the Internet.

40. Plaintiffs are entitled to injunctive relief ordering Defendant to terminate his publication of false and defamatory statements regarding Plaintiffs and Solucorp's business.

## JURY DEMAND

Plaintiffs demand a trial by jury on all matters so triable.

WHEREFORE, Plaintiffs, Solucorp Industries, Ltd., Peter Mantia, and Joseph Kemprowski, request the Court to enter judgment in their favor on all Counts of their Complaint and order:

(a)  That Plaintiffs recover damages as determined at trial;

(b)  That Plaintiffs recover treble damages and their attorney's fees and costs for Defendant's violation of Mass. Gen. L. c. 93A;

(c)  That Defendant is enjoined from posting false and defamatory statements regarding Plaintiffs and Solucorp's business and ordered to remove the false and defamatory material currently posted on Raging Bull's Solucorp Chatroom; and

(d)  That Plaintiffs recover such other relief as this Court deems just and proper.

Respectfully submitted,

**SOLUCORP INDUSTRIES, LTD.;
PETER MANTIA; AND
JOSEPH KEMPROWSKI**

By their attorneys,

_____
Joseph L. Demeo, BBO #561254
David W. Fanikos, BBO #564303
Demeo & Associates, P.C.
One Lewis Wharf
Boston, Massachusetts 02108
(617) 263-2600

Dated: April 14, 2004